SUMMARY ORDER

Petitioners Moussa Abbas El Chaikh Ali (“Moussa”) and Hassan Abbas El Chaikh Ali (“Hassan”), citizens of Lebanon, seek review of a September 27, 2006 order of the BIA affirming the October 25, 2004 decision of Immigration Judge (“IJ”) Vivienne E. Gordon-Uruakpa, denying their applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture (“CAT”). In re Moussa Abbas El Chaikh Ali, Hassan Abbas El Chaikh Ali, Nos. A95 282 567, A95 282 568 (B.I.A. Sept. 27, 2006), aff'g Nos. A95 282 567, A95 282 568 (Immig. Ct. N.Y. City Oct. 25, 2004). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Scope of Review
Where, as here, the BIA agrees with the IJ’s conclusions, but rejects some of her findings and supplements her decision, we review the IJ’s decision as modified by the BIA. Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005); Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We have never held that a petitioner is limited to the “exact contours” of the arguments he or she made before the agency. Gill v. INS, 420 F.3d 82, 85-86 (2d Cir.2005). On the contrary, we may consider “specific, subsidiary legal arguments, or arguments by extension,” even if such arguments were not presented below. Id. at 86. In determining which argu- *667 merits constitute “issues” that must be exhausted, and which constitute “subsidiary-arguments” that do not, we examine whether an unexhausted argument “constitutes a ground, in and of itself, on which an IJ’s denial of [relief] may be based.” Steevenez v. Gonzales, 476 F.3d 114, 117-18 (2d Cir.2007).
Here, the Petitioners clearly challenged the IJ’s nexus finding in their notices of appeal to the BIA. Specifically, they reiterated their initial contention that Moussa was punished because of his political opinion. Accordingly, we find that the Petitioners’ assertion that the Lebanese government may have had a mixed motive for mistreating Moussa to be a subsidiary legal argument of the overall claim that Moussa suffered persecution on account of his political opinion. Gill, 420 F.3d at 85-86. Furthermore, although the Petitioners did not raise before the BIA Hassan’s claim that he feared persecution because he had refused to join Hezbollah, that issue is administratively exhausted because the BIA directly addressed the issue in its opinion. See Waldron v. INS, 17 F.3d 511, 515 n. 7 (2d Cir.1994). Moreover, Moussa and Hassan exhausted their argument that the mistreatment of their family members established a pattern and practice of persecution against similarly situated individuals in Lebanon, where, in their notices of appeal, the Petitioners mentioned the mistreatment of their family and specifically noted that they need not show that they would be singled out for persecution if they demonstrated that similarly situated individuals have been the target of a pattern or practice of persecution. Accordingly, we find that Petitioners exhausted this argument by raising it with specificity before the BIA. See Steevenez, 476 F.3d at 117.
Lastly, the petitioners failed to raise a CAT claim before the BIA or this Court, and we deem any such claim to be unexhausted and waived. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
Merits
Moussa contends that his persecution, including imprisonment and torture, bore a nexus to his political opinions because his spying on Hezbollah for the government of Israel was motivated by his opposition to the government of Lebanon, and his punishment was motivated at least in part, not only by his violation of Lebanese law, but also by the fact that his violation was grounded in political opposition to the regime in general and Hezbollah in particular. The BIA’s rejection of his nexus contention was made before this Court’s decision in Vumi v. Gonzales, 502 F.3d 150 (2d Cir.2007). In Vumi we ruled that the agency must consider “the political context or country conditions” in order to determine whether an opponent of a regime had the opportunity, available in democracies, to promote change through peaceful processes. See id. 502 F.3d at 156. We conclude that the case must be remanded to afford the agency an opportunity to reconsider in light of Vumi. Since a remand must occur, it may also be appropriate for the agency to consider our recent decision in Delgado v. Mukasey, 508 F.3d 702 (2d Cir.2007), concerning persecution at the hands of a terrorist organization, and Islami v. Gonzales, 412 F.3d 391 (2d Cir.2005), concerning persecution based on refusal to join the Serb-dominated Yugoslavian army, which “would likely require [the petitioner’s] participation in military campaigns widely ‘condemned by the international community as contrary to basic rules of human conduct.’ ” Id. at 397 (quoting M.A. v. INS, 899 F.2d 304, 312 (4th Cir.1990)).
Apart from the agency’s reconsideration pursuant to this remand, we invite the *668 responsible officials of the Executive Branch to give consideration to whether it wishes to pursue removal of an individual who has suffered imprisonment and torture for aiding an ally of the United States in opposing Hezbollah, an entity formally listed by this country as a terrorist organization.
For the foregoing reasons the petition for review is GRANTED, the BIA’s decision is VACATED and the case is REMANDED to the agency for further proceedings. Any previously granted motion to stay removal is VACATED, and any pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).